UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MILAD ISKANDER,

Plaintiff,

v.

PROTECTIVE LIFE INSURANCE COMPANY,

Defendant.

No. 2:25-cv-01150 CKD

ORDER

On September 30, 2026, the undersigned heard defendant's motion to compel (ECF No. 26) via Zoom videoconference, having reviewed the parties' joint statement regarding discovery dispute ("Joint Statement") filed September 16, 2026. (ECF No. 27). Attorney Bryan Smith appeared on behalf of plaintiff, and attorney James Hockel appeared on behalf of defendant. At the conclusion of the hearing, the court took the motion under submission. This order follows.

A. Background

This case proceeds on the First Amended Complaint (FAC) filed May 15, 2025. (ECF No. 12.) The parties have consented to magistrate judge jurisdiction for all purposes. (ECF No. 11.) After a motion to dismiss was partially granted (ECF No. 17), plaintiff's sole remaining claim is for breach of contract, based on his allegations that defendant "systematically overcharg[ed]" him for decades for a term life insurance policy purchased in 1987. (FAC, ¶¶ 5, 9.)

Plaintiff alleges that he "was charged approximately $250.00 more per month between

1987 and 2007 and an additional $150.00 per month following the policy conversion in 2017." (FAC, ¶ 9.) The overcharges occurred because defendant "failed to disclose the correct premium rates." (FAC, ¶ 9.) "From March 9, 2018 through October 31, 2024, Plaintiff paid a total of $63,595.60 in premiums on the universal life policy, which provides a death benefit of $175,000.000." (FAC, ¶ 8.) Plaintiff seeks damages, including the return of overpaid premiums, in the amount of $63,595.60. (FAC at 7.)

B. Defendant's Motion to Compel

The parties' Joint Statement sets out two issues: (1) plaintiff's responses about damages from the alleged overcharges, and (2) plaintiff's compliance with the rules governing responses to Requests for Production (RFPs).

The timeline is as follows: Defendant served the discovery requests at issue on July 27, 2026. Plaintiff did not respond by the due date of August 26, 2026. The parties met and conferred, and plaintiff served discovery responses on September 4, 2026. The parties met and conferred again on September 9, 2026. The same day, defendant filed the instant motion to compel. On September 16, 2026, plaintiff served purported supplemental responses to the RFPs, but these responses were unsigned. (Joint Statement at 2-3, 6.) The fact discovery deadline is September 30, 2026. (ECF No. 22.)

1. Claimed Damages

Defendant served multiple interrogatories and RFPs asking plaintiff to substantiate his claim that he was overcharged approximately $250/month from 1987 to 2007 and $150/month after 2017. (See Joint Statement at 3.) Plaintiff's responses did not specify how the alleged overcharge amounts were calculated.[1] See, e.g.,

> **Interrogatory No. 8**
>
> State all facts in support of the allegation of paragraph 9 of [the FAC] that 'Plaintiff was charged approximately $250.00 per month in excess of the premium amount Plaintiff contends was authorized under the appliable policy terms.

[1] See also plaintiff's initial disclosures, ECF No. 27-1 at 3-4, which restate the damages allegations in the FAC and do not provide any underlying numbers or computations.

> **Response to Interrogatory No. 8**
>
> [Plaintiff's contention] is based upon Plaintiff's understanding of the premium obligations imposed by the policy as compared with the premium amounts actually charged by Defendant. Plaintiff's investigation concerning the historical premium calculations and records underlying this amount is continuing. Plaintiff will supplement this response after further review . . .

(ECF No. 27-2 at 8.) Similarly, in response to RFP No. 6, seeking "all documents concerning damages you have incurred as the result of the alleged wrongdoing," plaintiff responded that he "has not presently located a separate damages calculation" and will "supplement this response as further relevant documents become available." (ECF No. 27-3 at 4-5.)

Defendant complains that plaintiff has not produced a copy of the insurance policy that was allegedly breached, nor cited any provision of the policy in response to discovery requests. (Joint Statement at 3.) Plaintiff responds that he "did not retain invoices from 1987 forward, but calculated overpayments from the few documents he had." (Joint Statement at 4-5.)

A recent case in this district sets out the applicable standard:

> Rule 26 provides that a party must provide, without a discovery request, **"a computation of each category of damages claimed by the disclosing party," as well as documents "on which each computation is based, including materials bearing on the nature and extent of injuries suffered."** Fed. R. Civ. Proc. 26(a)(1)(A)(iii). Each party "must also make available for inspection and copying as under Rule 34 **the documents or other evidentiary material,** unless privileged or protected from disclosure, **on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**" Id. Although these mandatory disclosures are limited to what is possible to say with "the information then reasonably available," a litigant is "not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." Fed. R. Civ. P. 26(a)(1)(E); City & County of San Francisco v. Tutor-Saliba Corp., 218 F.R.D. 219, 221 (N.D. Cal. 2003). Indeed, the initial disclosure requirement contemplates "some analysis" and requires more than merely setting forth the amount demanded. Id. at 221. **Generally, the plaintiff "should provide its assessment of damages in light of the information currently available to it in sufficient detail so as to enable [the defendant] to understand the contours of its potential exposure and make informed decisions as to settlement and discovery."** Id. Moreover, "[f]uture expert analysis does not relieve plaintiff of its obligation to provide information reasonably available to it" regarding its alleged damages. Frontline

> Medical Assoc. v. Coventry Health Care, 263 F.R.D. 567, 570 (C.D. Cal. 2009). Finally, a party who has made a disclosure under Rule 26(a) also "must supplement or correct" that disclosure if it "learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Adavco, Inc. v. Deertrail Development LLC, No. 1:23-cv-00695 JLT SKO, 2025 WL 2763494, *2 (E.D. Cal. Sept. 29, 2025) (emphasis added). "Nor is even a computation enough on its own. District courts have commonly required a disclosure of the party's 'theory of damages,' too." Id., citing LT Game Int'l Ltd. v. Shuffle Master, Inc., 2013 WL 321659, *6 (D. Nev. Jan. 28, 2013) (collecting cases). In Adavco, the court found plaintiff's "lump sum" damages estimate insufficient under Rule 26 and ordered supplemental disclosures to "provide a computation" and "further clarity on their theory of damages." 2025 WL 2763494, *3. See also Hill v. Jetblue Airways Corp., No. 2:17-cv-1604 WBS DB, No. 2:18-cv-0081 WBS DB, 2021 WL 3164527, *3 (E.D. Cal. July 27, 2021) (supplemental disclosure may be warranted where party does not provide damage computations and supporting documents) (collecting cases).

Here, plaintiff's discovery responses as to damage calculations and supporting documents are insufficient under Rule 26. Nor is his theory of damages clear. Plaintiff seeks damages in the amount of $63,595.60, which includes "overpaid premiums." (FAC at 7.) This is the same amount he allegedly paid in premiums from March 9, 2018 through October 31, 2024. (FAC, ¶ 8.) It is not clear what amount in damages, if any, he is seeking from the alleged overpayments between 1987 and 2007, the first period of alleged overcharges, or what evidence supports this number.

The court will grant defendant's motion as to discovery responses regarding damages.

2. RFP Responses

Defendant next argues that plaintiff's responses to multiple RFPs are inadequate, as they do not indicate whether plaintiff conducted a reasonable search for documents within his custody and control, or whether any documents are being withheld. (Joint Statement at 5; see ECF No. 27-3.) Plaintiff does not dispute this, but points to his supplemental responses dated September 16, 2026. Plaintiff states that he "is still gathering and reviewing relevant documents responsive to

Protective's requests and intends to supplement his responses as soon as he can[.]" (Joint Statement at 7.)

On September 16, 2026, plaintiff sent defendant a document titled Supplemental Responses to [Defendant's] First Set of RFPs. (Joint Statement at 6; see ECF No. 27-4.) However, it is unsigned. See Fed. R. Civ. P. 26(g)(1) (every discovery response must be signed by attorney of record if party is represented). Defendant argues that any objections asserted in the supplemental responses are waived and/or untimely, because plaintiff did not raise them in his original responses to the RFPs. (See ECF No. 27-3.) In those responses, dated September 4, 2026, plaintiff did not object to any of the RFPs at issue in the motion to compel: RFP Nos. 1-6, 8-13, and 16-23. (See ECF No. 27-3.)

Under Rule 34, in response to RFPs, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the requests, including the reasons." Fed. R. Civ. P. 34(b)(2(B). "It is not sufficient for [the responding party] to simply say that documents responsive 'have been' or 'will be' produced without specifying which documents respond to which requests. . . . Further, [the responding party] must state whether responsive documents are being withheld from production as to each particular request, and must state the particular basis for withholding" such as asserting a privilege. Fidelity Nat'l Title Ins. Co. v. Castle, 2014 WL 3945590, *2 (N.D. Cal. Aug. 11, 2014). "If a party fails to file timely objections to discovery requests, such a failure constitutes a waiver of any objections which a party might have to the requests." Ramirez v. County of Los Angeles, 231 F.R.D. 407, 409 (C.D. Cal. 2005) (citation modified).

Here, plaintiff has not provided adequate responses to the RFPs by the September 30, 2026 discovery deadline. As he failed to object in his first set of responses, and his supplemental responses are unverified, he has waived his right to object to the RFPs at issue. (Plaintiff may still assert attorney-client privilege where applicable, however.)

The court will grant defendant's motion to compel as to the RFPs and extend the discovery deadline by two weeks, until October 14, 2026.

////

Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to compel (ECF No. 26) is GRANTED;
2. Plaintiff shall serve supplemental responses to his Initial Disclosures and defendant's Interrogatories, Set One, including a numerical computation of each category of damages claimed and plaintiff's theory of damages;
3. Plaintiff shall also produce all documents or other evidentiary material, unless privileged, on which each computation is based, including a copy of the insurance policy or policies and any invoices, bank statements, or other documents showing the actual charges paid by Plaintiff;
4. Plaintiff shall produce all responsive documents in his possession, custody, or control as to RFP Nos. 1-6, 8-13, and 16-23, having waived any objections. Plaintiff's unsigned supplemental responses dated September 16, 2026 are disregarded, and all forthcoming responses shall be verified; and
5. All of the above steps shall be completed no later October 14, 2026. The fact discovery deadline is extended to October 14, 2026, and the law and motion deadline is extended to December 16, 2026. Requests for further extensions to the discovery deadline will be disfavored.

Dated: September 30, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/iska1150.mtc.oah